Hon. Richard A. Jones
Trial Date: NOT SCHEDULED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| LARRY DEAN LAMBOURN,<br><br>Plaintiff,<br><br>vs.<br><br>SENTINEL DREAM II HOLDINGS, LLC, MARC PFEFFERLE, ERIC D. BOMMER, STEVE CUMBOW, MATTHEW R. KAHN, CHRIS BAKER, MICHAEL J. FABIAN, ROSE RUIZ, JANE/JOHN DOES 1 THROUGH 10, and THE MARITAL COMMUNITY OF EACH NONBUSINESS DEFENDANT<br><br>Defendants. | NO. 2:22-cv-00373-RAJ<br><br>**NOTICE OF STAY OF PROCEEDINGS DUE TO A BANKRUPTCY COURT'S INJUNCTION IN A NON-PARTY BANKRUPTCY MATTER**<br><br>(Jury trial requested.) |

## I.    VERIFICATION

Plaintiff's counsel did <u>not</u> meet and confer with any defense attorney as no defendant has appeared in this matter and because Plaintiff's counsel believes filing a notice of stay is not discretionary in the present circumstances.

## II.    DISCUSSION

Plaintiff filed this wage-claim lawsuit against the officers and directors of Hollander Sleep Products, LLC ("**Hollander**") in their individual capacity separate and apart from

NOTICE OF STAY OF PROCEEDINGS
DUE TO BANKRUPTCY INJUNCTION - 1
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

Hollander's liability for failure to pay plaintiff's severance wages. Each officer and director is individually liable separate and apart from Hollander's liability pursuant to RCW 49.52.050 and RCW 49.52.070, the latter of which states that "Any employer and any officer, vice principal or agent of any employer" shall be liable for willfully withholding wages. Each officer and director is individually liable separate and apart from Hollander's liability pursuant RCW 49.46.010, which defines an "employer" who may be held liable for a failure to pay wages as "includ[ing] any individual … or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee."

The non-debtor Defendant's liability in this case is defined by law as parallel with, not derived from, the Debtor's liability. The law does not define the liability as arising from the officer's/director's relationship with the corporation or make the liability contingent upon a finding that the corporation is liable.

None of the Defendant officers and directors is currently a debtor in a bankruptcy. Hollander is in Chapter 11 bankruptcy in the Southern District of New York U.S. Bankruptcy Court. On information and belief, the deadline for filing claims in that bankruptcy proceeding has expired.

Attorney Beth E. Levine of the firm Pachulski, Stang, Ziehl & Jones, which represents the Plan Administrator of Hollander's estate, alleges that Plaintiff in the present lawsuit has violated the Bankruptcy Court's injunction by interfering with the Debtor's estate's assets because, according to Ms. Levine, the non-debtor Defendants in the present case have filed claims for indemnification from Debtor Hollander's estate.

Plaintiff is currently consulting with a bankruptcy attorney to evaluate Ms. Levine's assertions. Specifically, Plaintiff is evaluating, among other issues, whether a claim interferes

**NOTICE OF STAY OF PROCEEDINGS DUE TO BANKRUPTCY INJUNCTION -** 2
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

with a Debtor's estate where (1) the claim is against a non-debtor defendant, (2) the non-debtor defendant's liability is defined by law as parallel with, not derived from, the Debtor's liability, (3) the non-debtor defendant has a right of indemnification from the Debtor's estate if the defendant files a proper timely claim for indemnification, and (4) the non-debtor defendant missing the deadline for filing claims in that bankruptcy proceeding.

Plaintiff will work to resolve the dispute with Hollander's Plan Administrator as quickly as possible. In the interim, Plaintiff believes that the present matter must be deemed as stayed pursuant to the Bankruptcy Court's injunction.

EXECUTED in Issaquah, Washington this June 29, 2022.

/s/     John Barton
John G. Barton, WSBA No. 25323
Attorney for Plaintiffs
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960
TheBartonLawFirm@GMail.com

NOTICE OF STAY OF PROCEEDINGS
DUE TO BANKRUPTCY INJUNCTION - 3
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

DECLARATION OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on this date, I did <u>not</u> send this *Notice of Stay of Proceedings Due to a Bankruptcy Court's Injunction in a Non-Party Bankruptcy Matter* to any other party as no defendant has appeared in this action.

EXECUTED at Issaquah, Washington this June 29, 20222021.

/s/      John Barton
John G. Barton, WSBA No. 25323
Attorney for Plaintiffs
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960
TheBartonLawFirm@GMail.com

**NOTICE OF STAY OF PROCEEDINGS DUE TO BANKRUPTCY INJUNCTION - 4**
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com