Hon. Richard A. Jones
Trial Date: NOT SCHEDULED

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LARRY DEAN LAMBOURN, <br><br> Plaintiff, <br><br> vs. <br><br> SENTINEL DREAM II HOLDINGS, LLC, MARC PFEFFERLE, ERIC D. BOMMER, STEVE CUMBOW, MATTHEW R. KAHN, CHRIS BAKER, MICHAEL J. FABIAN, ROSE RUIZ, JANE/JOHN DOES 1 THROUGH 10, and THE MARITAL COMMUNITY OF EACH NONBUSINESS DEFENDANT <br><br> Defendants. | NO. 2:22-cv-00373-RAJ <br><br> **STATUS REPORT** <br><br> (Jury trial requested.) |

Plaintiff submits this status report.

## I. VERIFICATION

Plaintiff's counsel did <u>not</u> meet and confer with any defense attorney as no defendant has appeared in this matter.

## II. DISCUSSION

Plaintiff filed this wage-claim lawsuit against the officers and directors of Hollander Sleep Products, LLC ("**Hollander**") in their individual capacity separate and apart from

**STATUS REPORT** - 1
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

Hollander's liability for its failure to pay plaintiff's severance wages. Each officer and director is individually liable separate and apart from Hollander's liability pursuant to RCW 49.52.050 and RCW 49.52.070, the latter of which states that "Any employer and any officer, vice principal or agent of any employer" shall be liable for willfully withholding wages. Each officer and director are also individually liable separate and apart from Hollander's liability pursuant RCW 49.46.010, which defines an "employer" who may be held liable for a failure to pay wages as "includ[ing] any individual … or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." These statutes define the non-debtor corporate officers and directors' liability in this case as liability that is parallel with, not derived from, the Debtor's liability. The law does not define the liability as arising from the officer's/director's relationship with the corporation or make the liability contingent upon a finding that the corporation is liable.

No party in this court's lawsuit is a party in Hollander's bankruptcy. None of the Defendant officers and directors are currently debtors in Hollander's bankruptcy.

No party's asserted right in this lawsuit is affected by the stay in Hollander's bankruptcy The Bankruptcy Court's stay governs "releasing parties." Plaintiffs in the present lawsuit are not releasing parties.

The Plan Administrator appears to be helping the Defendants in this case by threatening to drag Plaintiff into Hollander's bankruptcy proceeding in New York. Attorney Beth E. Levine, who represents the Plan Administrator of Hollander's estate, argues in a series of letters with Plaintiff's counsel John Barton that Plaintiff's claim in this lawsuit against the debtor's officers and directors "interfere[es] with the use and distribution of the Debtors' assets in the manner contemplated by the Plan," thereby violating the plan.

**STATUS REPORT** - 2
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

Plaintiff's consulting bankruptcy attorney disagrees. He concluded that Levine's analysis is incorrect and that the Bankruptcy Court will likely reject Levine's argument.

Plaintiff's bankruptcy attorney advised Plaintiff's counsel, however, that Levine can nonetheless drag Plaintiff into the Bankruptcy Court in the Southern District of New York and force Plaintiff to incur fees defending against her claims.

Plaintiff's bankruptcy attorney advised Plaintiff to request that this Court continue the current stay until a reasonable time after May 1, 2019, which is the current deadline in the bankruptcy proceeding for objections to creditors' claims. The bankruptcy proceeding might be approaching a final determination of creditor claims. The bankruptcy was filed in May 2019. In October 2022, the bankruptcy court extended the Claims Objections Deadline to May 1, 2023. If that deadline is not extended, the Plan Administrator should be able to make a decision on all creditors' claims in the months after the May 1, 2023. At that point, Plaintiff's claim against the debtor's officers and directors should no longer be *able* to affect the use and distribution of the Plan since that use and distribution will have been determined.

Plaintiff needs to avoid incurring unnecessary fees incurred opposing an unfounded argument in the U.S. Bankruptcy Court in the Southern District of New York. At this point, permitting the stay to continue in this Court's case for another seven months might accomplish that. Accordingly, Plaintiff requests that the Court keep the stay in place and order a second status report be issued in July 2023.

EXECUTED in Issaquah, Washington this January 20, 2023.

/s/ John Barton
John G. Barton, WSBA No. 25323
Attorney for Plaintiffs
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960

**STATUS REPORT** - 3
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

TheBartonLawFirm@GMail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**STATUS REPORT** - 4
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com

1 DECLARATION OF SERVICE

2 I hereby certify under penalty of perjury under the laws of the State of Washington that on this date, I did <u>not</u> send this *Status Report* to any other party as no defendant has appeared in
3 this action.

4 EXECUTED at Issaquah, Washington this January 20, 2023.

/s/        John Barton
John G. Barton, WSBA No. 25323
Attorney for Plaintiffs
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960
TheBartonLawFirm@GMail.com

**STATUS REPORT** - 5
NO. 2:22-cv-373

THE BARTON LAW FIRM
1567 Highlands Dr NE Ste 110-34
Issaquah, WA 98029-6245
(425) 243-7960 TheBartonLawFirm@GMail.com